UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYON, | No. 2:22-cv-1417 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is proceeding with counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2018, petitioner was convicted on 6 counts of eavesdropping on or recording confidential communications and 2 counts of disorderly conduct. ECF No. 1 at 1. Petitioner was ordered to serve 6 years and 4 months in prison. Id. There is one claim before the court which, for the reasons below, the court recommends be denied.

I. Background

On direct appeal, the California Court of Appeal summarized the evidence presented at trial and other relevant facts as follows:

> In early October 2014 a search of numerous electronic devices seized from defendant's residence revealed that, in 2013 and 2014, defendant had engaged in sexual relations with prostitutes at his residence and had secretly videotaped these encounters. The women were not aware that they were being recorded and never gave defendant permission to do so. The women learned about the recordings for the first time after the search. The recordings were

> played at trial; some of them captured both words and real time images while others only captured real time images.
>
> In November 2015 the People filed an information charging defendant with 16 counts of eavesdropping on or recording confidential communications. ([Cal. Penal Code]§ 632, subd. (a).) The People filed an amended information in January 2018, charging defendant with 12 counts of violating section 632 and four misdemeanor counts of disorderly conduct (§ 647, subd. (j)(3)(A)). The section 632 counts involved video recordings that captured both words and real time images while the disorderly conduct counts involved video recordings that only captured real time images.
>
> A jury trial commenced in March 2018. Following the presentation of evidence, the prosecutor moved to dismiss one section 632 count based on insufficient evidence, which the court granted. In April 2018 the jury found defendant guilty on six section 632 counts and two counts of disorderly conduct (§ 647, subd. (j)(3)(A)). The jury acquitted defendant on one section 632 count and hung on the remaining counts (§§ 632, subd. (a) [four counts], 647, subd. (j)(3)(A) [two counts]), for which the court declared a mistrial and later dismissed. The trial court sentenced defendant to an aggregate term of six years four months in prison.

ECF No. 7-19 at 2-3.

On appeal, petitioner raised, among other claims, the same claim he raises here, ECF No. 7-16, and the claim was denied, id. at 7-19. Petitioner filed a petition for review in the California Supreme Court asserting only the claim raised here. Id. at 1-1. The petition was denied. Id. at 1-2.

II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

2

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
>   or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

>   A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the only reasoned decision was issued by the California Court of Appeal. ECF No. 13-8 at 136-154.

III. <u>Claim and Analysis</u>

The statute under which petitioner was convicted for eavesdropping prohibits the recording of "confidential communication." Cal. Penal Code § 632(a). Petitioner claims the eavesdropping counts should have been dismissed by the trial court because the sexual activities of a prostitute in the home of a client are not "confidential communications." More particularly, petitioner asserts that the victims had no expectation of privacy under California or federal law as to their sexual activities in a client's home.

The California Court of Appeal, the last court to issue a reasoned opinion with respect to petitioner's claim, found that, as a matter of California law, a prostitute's sexual activity in the home of a client is a "confidential communication" for purposes of Cal. Penal Code § 632(a). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005).

Petitioner makes vague reference to federal law both in his petition and in the arguments he made to the California Supreme Court. For example, petitioner suggests a limitation on privacy rights provided to victims under Cal. Penal Code § 632(a) is warranted by limitations on searches guaranteed under the Fourth Amendment. However, the parameters of the Fourth Amendment are entirely within the purview of this court because such is a matter or federal law. Rights provided to victims under state laws are generally within the purview of the states unless the law or the interpretation of the law violates some other federal law. In neither the petition before this court nor the petition presented to the California Supreme Court, which petitioner attaches to the petition filed here, does petitioner make any serious attempt to establish a violation of federal law, including the Fourth Amendment.

Furthermore, petitioner has not shown that the denial of any federal claim by California courts was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or that the denial was based on an unreasonable determination of the facts. Accordingly, petitioner is precluded from obtaining habeas relief by the terms of 28 U.S.C. § 2254(d).

4

In his traverse, petitioner asserts that Cal. Penal Code § 632(a) is unconstitutionally overbroad and vague.  This claim was not argued in the original petition and was not presented to the California Supreme Court.  A traverse is not the proper pleading to raise additional grounds for relief.  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).  Also, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).  Because petitioner did not raise overbreadth or vagueness in his original petition, has not established good cause failing to do so, and has not exhausted state court remedies with respect to that claim, the claim does not provide a basis for habeas relief.

IV.  Conclusion

For all these reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be DENIED; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after

1 | service of the objections.  The parties are advised that failure to file objections within the
2 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
3 | F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lyon1417.157